Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Fax: (480) 420-1699
kwieneke@swlfirm.com
cretts@swlfirm.com

Attorneys for Defendants City of Phoenix,
Matthew Johnson, Celina Gonzales, Joel
Zemaitis and William Weber

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ngozi Mbegbu, individually as the surviving spouse of decedent Balantine Mbegbu and on behalf of decedent's children Ogechukwu Amarachukwu Gloria Mbegbu and C.C.E.M. (a minor) as the statutory beneficiaries of Balantine Mbegbu; and as Personal Representative of the Estate of Balantine Mbegbu,<br><br>       Plaintiffs,<br><br>  v.<br><br>City of Phoenix, a public entity; Matthew Johnson and Jane Doe Johnson, husband and wife; Celina Gonzales and John Doe Gonzales, wife and husband; Joel Zemaitis and Jane Doe Zemaitis, husband and wife; William Weber and Jane Doe Weber, husband and wife; John Does 1-5; and Jane Does 1-5,<br><br>       Defendants. | NO. 2:16-cv-00424-DGC<br><br>**DEFENDANTS CITY OF PHOENIX, JOHNSON, GONZALES, ZEMAITIS AND WEBER'S ANSWER TO PLAINTIFF'S COMPLAINT** |

   Defendants City of Phoenix, Matthew Johnson, Celina Gonzales, Joel Zemaitis and William Weber ("Defendants"), for their Answer to Plaintiff's Complaint, deny each allegation contained in Plaintiff's Complaint and each claim for relief which is not expressly admitted or otherwise pled to. Defendants admit, deny and alleges as follows:

## JURISDICTION AND VENUE

1. In answering Paragraph 1 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny the same. The Defendants affirmatively allege that jurisdiction is proper in this Court as Plaintiffs have alleged claims arising out of the United States Constitution and, as such, the "amount in controversy" is not at issue for purposes of establishing the Court's jurisdiction.

2. In answering Paragraph 2 of Plaintiff's Complaint, Defendants admit only that Plaintiff served a Notice of Claim on the City Clerk for the City of Phoenix on April 3, 2015. In so admitting, Defendants make no admissions regarding the sufficiency of the Notice of Claim. Defendants further assert that the Notice of Claim is not specific as to how, or if, the individual Defendants were served with the Notice of Claim. As a result, Defendants lack sufficient information as to the sufficiency of service of the Notice of Claim on the individual Defendants and therefore make no admissions regarding the same and expressly reserve the right to seek dismissal should it be determined that service was not proper. Defendants' counsel has requested that Plaintiff's counsel provide copies of the affidavits of service and no response has been received.

3. In answering Paragraph 3 of Plaintiff's Complaint, the allegations are not directed to these answering Defendants, and therefore no response is required.

4. In answering Paragraph 4 of Plaintiff's Complaint, the allegations are not directed to these answering Defendants, and therefore no response is required. Defendants affirmatively allege that jurisdiction is proper in this Court, rather than the Superior Court, as Plaintiffs have alleged violations of the United States Constitution.

## PARTIES

5. In answering Paragraph 5 of Plaintiff's Complaint, the allegations are not directed to these answering Defendants, and therefore no response is required.

6. In answering Paragraph 6 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

7.  In answering Paragraph 7 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

8.  In answering Paragraph 8 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore deny the same.

9.  In answering Paragraph 9 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations, and therefore deny the same.

10.  In answering Paragraph 10 of Plaintiff's Complaint, Defendants admit only that the City of Phoenix is a public entity. The remaining allegations call for multiple legal conclusions to which no response is required.

11.  In answering Paragraph 11 of Plaintiff's Complaint, Defendants admit only that Matthew Johnson, Celina Gonzales, Joel Zemaitis, and William Weber are employees of the City of Phoenix. The remaining allegations call for multiple legal conclusions to which no response is required.

12.  In answering Paragraph 12 of Plaintiff's Complaint, Defendants assert that the allegations call for a legal conclusion to which no response is required. Defendants affirmatively allege that John and Jane Does are improper in federal court and that Plaintiffs have not served the John or Jane Does as required within the applicable time periods.

## **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS OF THIS COMPLAINT**

13.  In answering Paragraph 13 of Plaintiff's Complaint, Defendants admit the allegations contained therein, with the exception of the specific name of "Geralds."

14.  In answering Paragraph 14 of Plaintiff's Complaint, Defendants deny the allegations as written. Defendants admit that Phoenix Police Officers Matthew Johnson and Celina Gonzales arrived outside of the residence and spoke to Ngozi who was outside. Defendants deny that Ngozi stated that she was waiting for her friend. Defendants

affirmatively allege that Ngozi, in her police interview, reported that she had called her sister to take her to pick up her son from basketball practice. Defendants admit that Officers Matthew Johnson and Celina Gonzales later learned that Balantine was in the residence, but did not know that when they arrived. Defendants deny any knowledge of specific ownership of the residence.

15. In answering Paragraph 15 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

16. In answering Paragraph 16 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants admit that Ngozi reported that she was not fighting with her husband.

17. In answering Paragraph 17 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

18. In answering Paragraph 18 of Plaintiff's Complaint, Defendants admit only that when Officers Johnson and Gonzales entered the house—upon invitation by Ngozi—Balantine was sitting in a chair facing the front door. Defendants lack sufficient information regarding the meal, contents of the cup, or prescriptions to form a belief as to the truth of those allegations, and therefore deny the same.

19. In answering Paragraph 19 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

20. In answering Paragraph 20 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

21. In answering Paragraph 21 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

22. In answering Paragraph 22 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants affirmatively allege that Balantine committed an aggravated assault on Officer Johnson by striking Officer Johnson's right arm and that Balantine was also verbally aggressive and yelling.

23. In answering Paragraph 23 of Plaintiff's Complaint, Defendants deny the allegations as written. Defendants admit that Balantine sat down in his chair, but only after the officers attempted to calm him down and asked that he sit down. Defendants also admit that Officers Johnson and Gonzales called for backup so that they could arrest Balantine for aggravated assault, but intended to wait for backup because of Balantine's large physical stature.

24. In answering Paragraph 24 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

25. In answering Paragraph 25 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Defendants admit that Balantine resisted arrest.

26. In answering Paragraph 26 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

27. In answering Paragraph 27 of Plaintiff's Complaint, Defendants deny the allegations as written. Defendants admit that Officer Zemaitis deployed the Taser and that the probes struck Balantine somewhere in the chest area.

28. In answering Paragraph 28 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

29. In answering Paragraph 29 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

30. In answering Paragraph 30 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

31. In answering Paragraph 31 of Plaintiff's Complaint, Defendants deny the allegations as written. Defendants admit that the officers called, multiple times, for the Fire Department to respond and provided first aid, including CPR.

32. In answering Paragraph 32 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

33. In answering Paragraph 33 of Plaintiff's Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny

the same. Defendants admit that Balantine Mbegbu died, but in so admitting make no admissions regarding causation.

## COUNT ONE

**(Defendants Police Officers Matthew Johnson, Celina Gonzales, Joel Zemaitis and William Weber and City of Phoenix are Liable for the Wrongful Death of Balantine Mbegbu Pursuant to A.R.S. § 12-611, Negligence, Gross Negligence, Intentional Act, Assault and Battery, and Vicarious Liability)**

34. In answering Paragraph 34 of Plaintiff's Complaint, the allegations do not call for a response from these Defendants and therefore Defendants deny the same.

35. In answering Paragraph 35 of Plaintiff's Complaint, the allegations call for multiple legal conclusions and therefore no response is required.

36. In answering Paragraph 36 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

37. In answering Paragraph 37 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

38. In answering Paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

39. In answering Paragraph 39 of Plaintiff's Complaint, the allegations call for a legal conclusion and therefore no response is required.

40. In answering Paragraph 40 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## COUNT TWO

**(Defendants Police Officers Matthew Johnson, Celina Gonzales, Joel Zemaitis and William Weber Violated Balantine Mbegbu's Rights Under the Fourth and Fourteenth Amendments to be Free From the Unreasonable Use of Force and Punishment and are Liable Pursuant to 42 U.S.C. § 1983)**

41. In answering Paragraph 41 of Plaintiff's Complaint, the allegations do not call for a response from these Defendants and therefore Defendants deny the same.

42. In answering Paragraph 42 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

43. In answering Paragraph 43 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

44. In answering Paragraph 44 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

45. In answering Paragraph 45 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

46. In answering Paragraph 46 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

47. In answering Paragraph 47 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

48. In answering Paragraph 48 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

49. In answering Paragraph 49 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

50. In answering Paragraph 50 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

51. In answering Paragraph 51 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## COUNT THREE

**(Defendants Matthew Johnson, Celina Gonzales, Joel Zemaitis and William Weber Violated Ngozi's, Gloria's and Buka's Rights Under the Fourteenth Amendment and 42 U.S.C. § 1983 to be Free From Interference With Their Right to Family Society and Companionship of Balantine Mbegbu)**

52. In answering Paragraph 52 of Plaintiff's Complaint, the allegations do not call for a response from these answering Defendants and therefore Defendants deny the same.

53. In answering Paragraph 53 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

54. In answering Paragraph 54 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## JURY TRIAL DEMAND

55. Defendants demand a trial by jury on all triable issues in this matter.

## AFFIRMATIVE DEFENSES

Defendants set forth the following defenses to Plaintiff's Complaint. Some of the defenses outlined below are true affirmative defenses (on which Defendants would bear the burden of proof). Other defenses are outlined for the purpose of placing Plaintiff on notice of the legal defenses Defendants will assert for the purpose of allowing Plaintiff to fully evaluate her claims, as this relates to any future request by Defendants for attorneys' fees for any claim that is subject to dismissal by the Court:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff may have failed to comply with A.R.S. § 12-821.01, the Notice of Claim statute, specifically as it relates to service on the individual Defendants and the sufficiency of the sum certain, which is not split up by Plaintiff.

3. Defendants are entitled to all privileges and immunities afforded to governmental employees and/or entities under state law, including those privileges and immunities provided in A.R.S. § 12-820, *et seq*.

4. At all times set forth in the Complaint, Defendants were acting reasonably, in good faith, without malice, and based upon probable cause and/or reasonable suspicion.

5. At all times set forth in the Complaint, Defendants' actions were objectively reasonable under the totality of the circumstances then existing.

6. The individual Defendants did not need a warrant to enter the residence because the Plaintiff provided consent.

7. The decedent was solely or comparatively at fault for the injuries and damages alleged in Plaintiff's Complaint, thereby barring or reducing any recovery herein by way of comparative negligence. This fault includes, but is not limited to, the

decedent's potential overuse, or intoxication, on prescription medication; and/or criminal behavior including, but not limited, aggravated assault and resisting arrest.

8. Plaintiff (and the statutory beneficiaries) may have failed to mitigate her damages, thus barring or reducing the recovery against Defendants.

9. Plaintiff's Estate is limited to the recovery of economic damages related to the decedent's constitutional claims.

10. Defendants allege that the decedent's resistance and force was not justified and any injuries sustained were the result of decedent's resistance to the officers' legal and justifiable force.

11. Defendants deny that there were any constitutional violations by Officers Johnson, Gonzales, Zemaitis, and Weber.

12. All of the Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental employees and/or entities under federal law as described in *Hunter v. Bryant*, 112 S.Ct. 534 (1991) and *Saucier v. Katz*, 121 S.Ct. 2151 (2001).

13. The decedent assumed the risk of injury, acted in direct and intentional violation of Arizona laws, and acted intentionally and knowingly, jeopardizing his safety and well-being.

14. Defendants allege the immunities set forth in A.R.S. §§ 12-711, 12-712, and 12-716, including all applicable attorneys' fees available under these sections.

15. The individual Defendants' use of force was justified and privileged under Arizona's justification statutes, including A.R.S. Title 13, Section 400 et seq., including but not limited to §§ 13-403, 13-409, 13-410, 13-411, 13-413, and under *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris*, 550 U.S. 372 (2007). To the extent found justified under state law, A.R.S. § 13-420 provides for attorneys' fees and all costs to the prevailing Defendants.

16. Defendants put Plaintiff on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set

forth in Rule 8(d) and/or Rule 12(b) of the Arizona Rules of Civil Procedure or as otherwise allowed by law.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that Plaintiff take nothing, and that Defendants be awarded their costs and attorneys' fees pursuant to 42 U.S.C. § 1988, A.R.S. §§ 12-349, 12-350, and 13-420.

DATED February 23, 2016

STRUCK WIENEKE & LOVE, P.L.C.


By /s/ Christina Retts
    Kathleen L. Wieneke
    Christina Retts
    Struck Wieneke & Love, P.L.C.
    3100 West Ray Road, Suite 300
    Chandler, Arizona 85226
    Attorneys for Defendants City of Phoenix, Matthew Johnson, Celina Gonzales, Joel Zemaitis and William Weber

3148260.1

# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Sabinus A. Megwa  megwalaw@qwestoffice.net

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

            /s/ Christina Retts